NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER LULL; AUTOTEK, INC., | No. 20-16599 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-01093-KJM-CKD |
| v. | |
| COUNTY OF SACRAMENTO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted January 14, 2022**
Pasadena, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,*** District Judge.

Plaintiffs Christopher Lull and his smog-check company, Autotek, brought

claims for damages under 42 U.S.C. § 1983 alleging that the County of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Sacramento, individual County Defendants, and the Sacramento Municipal Utility Department (SMUD) violated their First Amendment, Fourth Amendment, and due process rights when Defendants caused electrical service to be disconnected at Plaintiffs' property. Plaintiffs appeal the district court's grant of summary judgment to Defendants on the First Amendment claims, dismissal of the due process and Fourth Amendment claims, and denial of leave to amend.[1] We affirm.

1. The district court correctly held that Plaintiffs had presented no evidence that Supervising Deputy County Counsel June Powells-Mays had any intent to interfere with Plaintiffs' First Amendment rights or that Code Enforcement Manager Tammy Derby did anything that could amount to retaliation. *See Mendocino Env't Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999). As for Chief Building Official Brian Washko and Violations Supervisor Robin Rasmussen, the district court held that Plaintiffs had presented sufficient evidence to create a triable issue of fact on their retaliatory intent. But the court properly concluded that Washko and Rasmussen were entitled to qualified immunity in light

---

[1] Defendants' motion to dismiss County-related parties who are not participants in the appeal, which Plaintiffs have not opposed, is GRANTED. The County Planning Department, the County Building Department, County Counsel, the County Community Development Department, the County Board of Supervisors, the County Clerk of the Board, the County Sheriff's Department, the County Revenue and Recovery Department, Lori Moss, Leighann Moffitt, Bob Ivie, John Muzinich, Scott Purvis, Wayne Eastman, Paul Munoz, Cyndi Lee, Florence Evans, Russ Williams, and Jared Wickliff are hereby dismissed from this appeal.

of Plaintiffs' failure to point to any clearly established law—or, to offer any response at all—after Defendants asserted qualified immunity. On appeal, Plaintiffs now argue that "an individual ha[s] a clearly established right to be free of intentional retaliation by government officials based upon that individual's constitutionally protected expression." *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1319 (9th Cir. 1989). But Plaintiffs offer no explanation for their failure to make this argument in the district court or reason that we should excuse their forfeiture on appeal. Accordingly, we adhere to our general rule that issues not raised in the district court "will not be considered for the first time on appeal." *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014).

The district court also correctly concluded that the County itself could not be held liable because Plaintiffs had shown no evidence of an unconstitutional County policy or practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). Indeed, Plaintiffs conceded in the district court that the County Defendants' challenged actions "deviated from their typical procedures." We therefore affirm the district court's grant of summary judgment to the County Defendants on the First Amendment retaliation claim.

2. The district court correctly held that Plaintiffs had a vested interest in

3

continued electrical services, but that they were not denied due process in this case. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 11-12 (1978). Plaintiffs were entitled to "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action [to disconnect their electricity] and afford them an opportunity to present their objections." *Id.* at 13 (quoting *Mullane v. Cent. Hanover Tr. Co.*, 339 U.S. 306, 314 (1950)). It is undisputed that Lull received many notices of his code violations, and as early as January 2014 (nearly a year before the disconnection) he received notice that his electrical power could be disconnected if he failed to bring the property into compliance within 30 days. He received letters again on September 16 and 26 warning him that his non-compliance could result in the disconnection of electrical service. He received stop-work orders on December 8, 10, and 22, but he did not stop work. He received a final notice and order of disconnection of electricity on December 23, 2014, and his electricity was disconnected on December 24, 2014.

Plaintiffs' primary argument on appeal is that they were entitled to a pre-deprivation hearing, but they did not argue that in the district court. Instead, Plaintiffs' only argument in opposition to SMUD's motion for summary judgment was that SMUD had defied its own regulations by failing to provide seven days' written notice before disconnecting their electricity. SMUD's Rule and Regulation

11 does require seven days' notice in general, but it also provides that "[i]f, in SMUD's judgment, operation of customer's equipment constitutes a dangerous condition, SMUD may discontinue service without notice." The district court correctly concluded that SMUD complied with Rule 11 when it disconnected Plaintiffs' electricity in reliance on the County employees' determination that there was a dangerous condition at the property. Because Plaintiffs offered the district court no other evidence or argument that SMUD had deprived them of due process, we decline to address their various new arguments on appeal. *See In re Mortg.*, 754 F.3d at 780.

3. Plaintiffs' argument that SMUD's disconnection of their electricity was a warrantless seizure under the Fourth Amendment is unsupported. Plaintiffs cite several cases indicating that, when state law prohibits the termination of utility services without good cause, there arises a "legitimate claim of entitlement" in the continuation of those services under the Due Process Clause. *See Memphis Light,* 436 U.S. at 11-12. But that does not mean that termination of utility services for good cause under state law is a Fourth Amendment seizure.

As an initial matter, it is not clear whether the property interest in continued electricity created by state law is the kind of property that can be "seized" under the Fourth Amendment. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property."

5

*United States v. Jacobsen*, 466 U.S. 109, 113 (1984). We have explained that "[a] possessory interest involves '[t]he fact of having or holding property in one's power; the exercise of dominion over property.'" *United States v. JP Morgan Chase Bank Acct.*, 835 F.3d 1159, 1165-66 (9th Cir. 2016) (quoting *Possession*, Black's Law Dictionary (10th ed. 2014)). Plaintiffs have not explained why disconnecting their electricity meaningfully interferes with their having, holding, or exercising dominion over their property.

Any property interest in continued electricity that might be cognizable under the Fourth Amendment extends only as far as state law provides. Because the disconnection of Plaintiffs' electricity comported with state law, there was no violation of a protected property interest that could count as a Fourth Amendment seizure. As explained above, SMUD complied with its own regulations when it relied on the County employees' instructions to disconnect Plaintiffs' electricity because of a dangerous condition. And the Sacramento County Building Code authorizes building officials, such as the County Defendants, to order the disconnection of utilities not only in case of emergency, as Plaintiffs contend, but also when "[t]he building owner/occupant knowingly fails to comply with a notice or order." Sacramento, Cal., Code ch. 16.02.080 § 112.3. Plaintiffs cite various other state and local codes authorizing utility disconnection in case of emergency or to abate a public nuisance, but they offer no reason to conclude that those

provisions define the *only* situations in which electricity can be disconnected. Because Plaintiffs' electricity was disconnected for good cause under state law, they were not deprived of any state-protected property interest at all, even if an electricity shutoff could be considered an unlawful seizure under the Fourth Amendment on some other set of facts. We therefore affirm the district court's dismissal of the Fourth Amendment claim.

4. Plaintiffs' argument that the district court erred in abstaining from certain claims, and then erred in denying leave to amend to add them back, is inadequately presented on appeal. *See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010) ("[W]e won't 'consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.'" (quoting *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986))). Plaintiffs' opening brief does not describe the claims the district court abstained from, nor does it offer any reason for reversal beyond "bare assertions with no supporting argument." *Id.* (cleaned up). We decline to address this undeveloped argument.

**AFFIRMED.**

7